United States District Court
for the
District of Massachusetts
Civil Action No. 1:25-cv-10269

---

Gerard Paul Brophy,

Plaintiff,

-vs-

Weymouth Police Department Officer Stephen Goslin and Justin Chappell,[1]

Defendants.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

1.  At approximately 5:15 a.m. on October 27, 2019, Mr. Brophy and a friend were in a Ford Explorer parked in the parking lot of a 7-Eleven gas station and convenience store at 585 North Street in Weymouth, Massachusetts.

2.  Defendants Weymouth Police Department Officer Stephen Goslin and Justin Chappell—the latter an officer employed by the Weymouth Police Department at the time—were dispatched to investigate Mr. Brophy and his friend for "suspicious activity."

3.  After Mr. Brophy correctly and lawfully refused to identify himself and exit the vehicle, Defendants, with the intent to retaliate against Mr. Brophy and intimidate him for daring to question their authority, arrested Mr. Brophy and charged him with two baseless charges which were ultimately dismissed.

---

[1] At the time of the events alleged in the complaint—October 27, 2019—Defendant Justin Chappell was an officer of the Weymouth Police Department. Upon information and belief, Defendant Chappell has since resigned from his position.

4.  Mr. Brophy now brings this complaint and demand for a jury trial to vindicate his rights as guaranteed under the Constitution of the United States, the Massachusetts Declaration of Rights, and the laws of both the United States and the Commonwealth of Massachusetts.

### Jurisdiction and Venue

5.  This Court has subject matter jurisdiction over all claims in this action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

6.  This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391.

### Parties

7.  Mr. Brophy is a resident of the Commonwealth of Massachusetts.

8.  Defendants Weymouth Police Department Officer Stephen Goslin and Justin Chappell acted at all relevant times as on-duty law enforcement officers employed by the Town of Weymouth Police Department ("WPD"). They are sued in their individual and personal capacities. Upon information and belief, they are residents of the Commonwealth of Massachusetts.

### Facts Alleged

9.  At approximately 5:15 a.m. on October 27, 2019, Mr. Brophy was in a Ford Explorer parked in the parking lot of a 7-Eleven gas station and convenience store at 585 North Street in Weymouth, Massachusetts. Another individual was also in the vehicle.

10. Defendant Justin Chappell, then a law enforcement officer employed by WPD, was dispatched to the 7-Eleven at 585 North Street in Weymouth and responded in a WPD vehicle.

11. He parked behind the Ford Explorer such that the vehicle could not exit the parking lot without striking his vehicle.

12. He then approached the driver's side of the vehicle. Mr. Brophy was seated in the driver's seat. The other individual with him was in the front passenger's seat.

13. A short time later, Defendant-Officer Stephen Goslin also responded.

14. After the Defendants approached the Ford Explorer, they asked Mr. Brophy questions and demanded identification and identifying information.

15. Mr. Brophy refused to provide either.

16. The Defendants then discussed whether Mr. Brophy was required to provide identification or identifying information.

17. After a lengthy conversation, Defendant-Officer Goslin ordered Mr. Brophy out of the car and opened the driver's side door. Mr. Brophy did not consent to Defendant-Officer Goslin opening the door.

18. Mr. Brophy refused to exit the car and reached to grab the driver's side door and close it.

19. Defendant-Officer Goslin grabbed Mr. Brophy's arm, prevented Mr. Brophy from closing the door, falsely accused Mr. Brophy of touching him and being aggressive, and again ordered Mr. Brophy to exit the car.

20. After Mr. Brophy initially refused to exit the car, Defendant-Officer Goslin again ordered him to exit the car or, alternatively, Defendants would forcefully remove him from the car.

21. Mr. Brophy exited the car on his own, after which Defendants placed handcuffs on his wrists while his arms were behind he back.

22. Defendants charged Mr. Brophy with assault and battery on a police officer and failing to provide identification as an operator of a motor vehicle.

23. Defendants knew there was no probable cause supporting either charge, but they so charged Mr. Brophy anyway to intimidate and silence him.

24. Mr. Brophy was arraigned in Commonwealth v. Gerard Paul Brophy, case number 1956CR004612 in Quincy District Court, on October 28, 2019.

25. Count 2–failure to provide identification as an operator of a motor vehicle— was dismissed on February 3, 2022.

26. Count 1–assault and battery on a police officer—was dismissed on February 8, 2023, after a period of pretrial probation.

## Count 1
## Fourth Amendment violation under 42 U.S.C. § 1983 against all Defendants

27. Mr. Brophy incorporates by reference all prior paragraphs.

28. During all events described on October 27, 2019, Defendants were acting under color of state law as on-duty law enforcement officers.

29. As a result of Defendants' actions, Mr. Brophy was denied his rights as guaranteed under the Fourth Amendment to the Constitution of the United States.

<u>**Count 2**</u>
**Article XIV violation under G.L. c. 12, § 11I, against all Defendants**

30. Mr. Brophy incorporates by reference all prior paragraphs.

31. During all events described on October 27, 2019, Defendants were acting under color of state law as on-duty law enforcement officers.

32. As a result of Defendants' actions, Mr. Brophy was denied his rights as guaranteed under Article XIV of the Massachusetts Declaration of Rights.

<u>**Count 3**</u>
**First Amendment violation under 42 U.S.C. § 1983 against all Defendants**

33. Mr. Brophy incorporates by reference all prior paragraphs.

34. During all events described on October 27, 2019, Defendants were acting under color of state law as on-duty law enforcement officers.

35. As a result of Defendants' actions, Mr. Brophy was denied his rights as guaranteed under the First Amendment to the Constitution of the United States.

36. Specifically, Mr. Brophy engaged in conduct which was protected by the First Amendment to the Constitution of the United States.

37. Defendants subjected Mr. Brophy to an adverse action, namely, stopping, detaining, arresting, charging, and prosecuting her.

38. Defendants had no probable cause to stop, detain, arrest, charge, or prosecute Mr. Brophy.

39. Retaliation was a substantial or motivating factor behind the stop, detainment, arrest, charge, and prosecution of Mr. Brophy.

40.

### Count 4
**Article XVI violation under G.L. c. 12, § 11I, against all Defendants**

41. Mr. Brophy incorporates by reference all prior paragraphs.

42. During all events described on October 27, 2019, Defendants were acting under color of state law as on-duty law enforcement officers.

43. As a result of Defendants' actions, Mr. Brophy was denied his rights as guaranteed under Article XVI of the Massachusetts Declaration of Rights.

44. Specifically, Mr. Brophy engaged in conduct which was protected by Article XVI of the Massachusetts Declaration of Rights.

45. Defendants subjected Mr. Brophy to an adverse action, namely, stopping, detaining, arresting, charging, and prosecuting her.

46. Defendants had no probable cause to stop, detain, arrest, charge, or prosecute Mr. Brophy.

47. Retaliation was a substantial or motivating factor behind the stop, detainment, arrest, charge, and prosecution of Mr. Brophy.

### Count 5
**Common law false imprisonment against all Defendants**

48. Mr. Brophy incorporates by reference all prior paragraphs.

49. On October 27, 2019, Defendants intended to confine Mr. Brophy.

50. Mr. Brophy was conscious of Defendants' confinement of him.

51. Mr. Brophy did not consent to Defendants confining him.

52. Defendants had no privilege to confine Mr. Brophy.

## Count 6
**False imprisonment under 42 U.S.C. § 1983 against all Defendants**

53. Mr. Brophy incorporates by reference all prior paragraphs.

54. On October 27, 2019, Defendants intended to confine Mr. Brophy.

55. Mr. Brophy was conscious of Defendants' confinement of him.

56. Mr. Brophy did not consent to Defendants confining him.

57. Defendants had no privilege to confine Mr. Brophy.

## Count 7
**False imprisonment under G.L. c. 12, § 11I, against all Defendants**

58. Mr. Brophy incorporates by reference all prior paragraphs.

59. On October 27, 2019, Defendants intended to confine Mr. Brophy.

60. Mr. Brophy was conscious of Defendants' confinement of him.

61. Mr. Brophy did not consent to Defendants confining him.

62. Defendants had no privilege to confine Mr. Brophy.

## Count 8
**Common law false arrest against all Defendants**

63. Mr. Brophy incorporates by reference all prior paragraphs.

64. Defendants imposed by force and/or threat an unlawful restraint on Mr. Brophy's freedom of movement.

## Count 9
**False arrest under 42 U.S.C. § 1983 against all Defendants**

65. Mr. Brophy incorporates by reference all prior paragraphs.

66. Defendants imposed by force and/or threat an unlawful restraint on Mr. Brophy's freedom of movement.

## Count 10
### False arrest under G.L. c. 12, § 11I, against all Defendants

67. Mr. Brophy incorporates by reference all prior paragraphs.

68. Defendants imposed by force and/or threat an unlawful restraint on Mr. Brophy's freedom of movement.

## Count 11
### Common law malicious prosecution against all Defendants

69. Mr. Brophy incorporates by reference all prior paragraphs.

70. Defendants commenced and continued a criminal proceeding against Mr. Brophy.

71. The criminal proceeding commenced and continued by Defendants terminated in favor of Mr. Brophy.

72. There was no probable cause for the charges contained in the criminal proceeding against Mr. Brophy.

73. Defendants commenced and continued the criminal proceeding against Mr. Brophy with actual malice.

## Count 12
### Malicious prosecution under 42 U.S.C. § 1983 against all Defendants

74. Mr. Brophy incorporates by reference all prior paragraphs.

75. Defendants commenced and continued a criminal proceeding against Mr. Brophy.

76. The criminal proceeding commenced and continued by Defendants terminated in favor of Mr. Brophy.

77. There was no probable cause for the charges contained in the criminal proceeding against Mr. Brophy.

## Count 13
### Malicious prosecution under G.L. c. 12, § 11I, against all Defendants

78. Mr. Brophy incorporates by reference all prior paragraphs.

79. Defendants commenced and continued a criminal proceeding against Mr. Brophy.

80. The criminal proceeding commenced and continued by Defendants terminated in favor of Mr. Brophy.

81. There was no probable cause for the charges contained in the criminal proceeding against Mr. Brophy.

82. Defendants commenced and continued the criminal proceeding against Mr. Brophy with actual malice.

## Count 14
### Common law abuse of process against all Defendants

83. Ms. Degree incorporates by reference all prior paragraphs.

84. Defendants used process for an ulterior or illegitimate purpose resulting in damage to Mr. Brophy.

## Count 15
### Abuse of process under 42 U.S.C. § 1983 against all Defendants

85. Mr. Brophy incorporates by reference all prior paragraphs.

86. Defendants used process for an ulterior or illegitimate purpose resulting in damage to Mr. Brophy.

## Count 16
### Abuse of process under G.L. c. 12, § 11I, against all Defendants

87. Mr. Brophy incorporates by reference all prior paragraphs.

88. Defendants used process for an ulterior or illegitimate purpose resulting in damage to Mr. Brophy.

## Count 17
### Assault and battery against all Defendants

89. Mr. Brophy incorporates by reference all prior paragraphs.

90. Defendants intended to cause harmful or offensive contact with Mr. Brophy.

91. A harmful or offensive contact of Mr. Brophy directly or indirectly resulted from Defendants' actions and intent.

## Count 18
### Intentional or reckless infliction of emotional distress against all Defendants

92. Mr. Brophy incorporates by reference all prior paragraphs.

93. Defendants intended to inflict emotional distress on Mr. Brophy or knew or should have known that emotional distress was likely to result.

94. Defendants' conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized society.

95. Defendants' caused Mr. Brophy's emotional distress.

96. Mr. Brophy suffered severe emotional distress of a nature that no reasonable person could be expected to endure it.

97. WHEREFORE, Mr. Brophy respectfully requests the Court grant the following forms of relief:

a. Enter judgment in favor of Mr. Brophy and against the Defendants on all counts of the Complaint;

b. Award compensatory and punitive damages in an amount to be determined by a jury;

c. Award Mr. Brophy attorneys' fees, costs, and interest as permitted by law; and

d. Grant such further and other relief as may be just and proper.

### Demand for Jury Trial

98. Mr. Brophy demands a trial by jury on all claims and issues.

Dated:          February 3, 2025
                Boston, Massachusetts

Respectfully submitted,

Joshua O'Neill, Esq.
BBO# 704512
617.356.7784
josh@bostondefender.com

The Boston Defender
www.bostondefender.com
100 Cambridge Street
14th Floor
Boston, MA 02114