**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **GERARD PAUL BROPHY**, Plaintiff<br><br>v.<br><br>**WEYMOUTH POLICE DEPARTMENT OFFICER STEPHEN GOSLIN** and **JUSTIN CHAPPELL**, Defendants | C.A. No. 1:25-cv-10269-ADB |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS**

Pursuant to Federal Rules of Civil Procedure 12(b)(6), this Memorandum is submitted in support of the Defendants, Stephen Goslin and Justin Chappell (collectively the "Defendants"), Motion to Dismiss seeking the dismissal of the Plaintiff's Complaint in its entirety.

**I.      PRELIMINARY STATEMENT**

Plaintiff, Gerard Paul Brophy ("Plaintiff" or "Brophy") claims that Weymouth Police Department ("WPD") Officer Stephen Goslin and then-Officer Justin Chappell arrested, detained, searched, "conspired" against, maliciously prosecuted, and, amongst other claims, falsely imprisoned him for events occurring on October 27, 2019.  The Plaintiff's claims are not only without basis in law, but they are well outside of the applicable statute of limitations. Several immunities also apply.

In brief, the Plaintiff, Gerard Paul Brophy, refused to comply with Officer Goslin and Chappell's lawful order to produce his identification. In doing so, he violated G.L. c. 90 §25. By refusing to produce his license, Goslin and Chappell had the probable cause needed to make an

1

arrest, which Plaintiff also admittedly resisted.[1] While the Plaintiff's charges were ultimately dismissed, they were dismissed after a period of pretrial probation.  The dismissal does not negate the fact that both Defendants had probable cause to arrest the Plaintiff and the disposition is not considered favorable for purposes of this civil case.  Not only have the Defendants not engaged in any actionable conduct, but the Plaintiff's claims are untimely and precluded as a matter of law. The Defendants now move this Court to dismiss the complaint.

The following Statement of Facts is an extraction of all those facts from the Plaintiff's Complaint that are made against Stephen Goslin and Justin Chappell.

## II.    STATEMENT OF FACTS

On October 27, 2019, at approximately 5:15 a.m., the Plaintiff and his friend were seated in a Ford Explorer in the parking lot of a 7-Eleven gas station and convenience store, located at 585 North Street Weymouth, Massachusetts.  (Pltf's Compl. Pg. 2, ¶ 9).  Officer Justin Chappell, a police officer employed by the Weymouth Police Department (hereinafter "WPD") was dispatched to the aforementioned 7-Eleven and proceed to the location in a WPD vehicle.  (*Id.* at Pg. 3, ¶10).  When he arrived, Officer Chappell parked behind the Ford Explorer and approached the driver's side of the vehicle finding the Plaintiff in the driver's seat.  (*Id*. at ¶11-12).  Shortly thereafter, Officer Stephen Goslin arrived on scene.  (*Id.* at ¶13).

After Officers Chappell and Goslin made contact with the Plaintiff, still located inside the Ford Explorer, they requested to see his identification, to which the Plaintiff refused to provide. (*Id.* at ¶14-15).  After having a lengthy discussion, Officer Goslin requested that the Plaintiff exit the vehicle and opened the driver's side door.  (*Id*. at ¶17).  The Plaintiff refused to exit and reached to grab the driver's side door to close it.  (*Id*. at ¶ 18).

---

[1] Plaintiff's Complaint admits he resisted arrest but disputes the extent of his resistance.

Admittedly, Plaintiff first response was to refuse to comply with the Officers' exit order. (*Id.* at Pg. 4, ¶ 20). Indeed, he admits he was physically resistant to Officer Goslin's first exit order. (*Id.* at Pg. 3, ¶¶ 17-19). Officer Goslin again ordered the Plaintiff to exit the vehicle or, alternatively, be forcefully removed. (*Id.* at Pg. 4, ¶20). The Plaintiff complied with this order and was subsequently placed in handcuffs. (*Id*. at ¶21). As a result of the incident, the Plaintiff was charged with assault and battery on a police officer and failing to provide identification as an operator of a motor vehicle. (*Id*. at ¶22).

On October 28, 2019, the Plaintiff was arraigned in Quincy District Court. (*Id*. at 24). On February 3, 2022, the charge of failure to provide identification as an operator of a motor vehicle was subsequently dismissed. (*Id*. at ¶25). On February 8, 2023, the charge of assault and battery on a police officer was dismissed specifically after a period of pretrial probation. (*Id.* at ¶26).

Plaintiff filed the instant complaint on February 3, 2025.

Based upon the above facts, the Plaintiff brings the following claims:

Count I      42 U.S.C. § 1983 – Fourth Amendment Violation
             *Against all Defendants*

Count II     G.L. c. 12, §11I – Article XIV Violation
             *Against all Defendants*

Count III    42 U.S.C. § 1983 – First Amendment Violation
             *Against all Defendants*

Count IV     G.L. c. 12, §11I – Article XVI Violation
             *Against all Defendants*

Count V      False Imprisonment
             *Against all Defendants*

Count VI     42 U.S.C. §1983 – False Imprisonment
             *Against all Defendants*

| | | |
|---|---|---|
| Count VII | G.L. c. 12, §11I – False Imprisonment | |
| | *Against all Defendants* | |
| Count VIII | False Arrest | |
| | *Against all Defendants* | |
| Count IX | 42 U.S.C. §1983 – False Arrest | |
| | *Against all Defendants* | |
| Count X | G.L. c. 12, §11I – False Arrest | |
| | *Against all Defendants* | |
| Count XI | Malicious Prosecution | |
| | *Against all Defendants* | |
| Count XII | 42 U.S.C. §1983 – Malicious Prosecution | |
| | *Against all Defendants* | |
| Count XIII | G.L. c. 12, §11I – Malicious Prosecution | |
| | *Against all Defendants* | |
| Count XIV | Abuse of Process | |
| | *Against all Defendants* | |
| Count XV | 42 U.S.C. §1983 – Abuse of Process | |
| | *Against all Defendants* | |
| Count XVI | G.L. c.12, §11I – Abuse of Process | |
| Count XVII | Assault and Battery | |
| | *Against all Defendants* | |
| Count XVIII | Intentional or Reckless Infliction of Emotional Distress | |
| | *Against all Defendants* | |

This action is brought against the individually named Defendants in their individual and personal capacities. (Plntf.'s Compl. Pg. 2, ¶ 8).As to the 'Weymouth Police Department' under Massachusetts and federal law, a police department is not and cannot be named as its own legal entity for purposes of suit . *Murphy v. Town of Natick*, 516 F.Supp. 2d 153, 158 (D. Mass. 2007). Thus, WPD cannot be brought into this action as a legal entity and is solely referenced as a department in the instant matter and not as an additionally named defendant.

### III.   <u>STANDARD OF REVIEW</u>

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "[t]he court is not limited to the four corners of the complaint." Wright & Miller, Federal Practice and Procedure: Civil 3d § 1357 (2013). The court may consider the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference into the pleadings, and it may consider matters of which the court may take judicial notice. See Fed. R. Civ. P. 10(c) (documents attached to pleadings are part of pleadings); *Young v. Lepone*, 305 F.3d 1, 11 (1st Cir. 2002) (district court was entitled to consider letters that were not attached to complaint when complaint contained extensive excerpts from letters and references to them; when factual allegations of complaint revolved around document whose authenticity is unchallenged, that document effectively merges into the pleadings); and *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-1018 (5th Cir. 1996) (courts must limit inquiry to facts stated in complaint and documents either attached to or incorporated in complaint; however, courts may also consider matters of which they may take judicial notice). Also see *In re Surita Acosta*, 464 B.R. at 91.

When the complaint's factual allegations are expressly linked to and admittedly dependent on a document, the authenticity of which is not challenged, the document merges into the pleadings and the court can review it in deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6). See *Navarro v. United States*, 104 F. Supp. 2d 96, 100 fn. 3 (D.P.R. 2000) (*citing Beddall v. State Street Bank & Trust Co.*, 137 F.3d 12, 17 (1st Cir. 1998)) ("when ... a complaint's factual allegations are expressly linked to --and admittedly dependent upon-- a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)").

IV.    **ARGUMENT**

    *A.* **THE PLAINTIFF'S CLAIMS ARE BARRED IN THEIR ENTIRETY BY THE APPLICABLE STATUTES OF LIMITATIONS**

        *i.*      *42 U.S.C. §1983 Claims*

The Plaintiff's constitutional claims under 42 U.S.C. § 1983 have a three-year statute of limitations period. The statute of limitations for a 42 U.S.C. §1983 claim is determined by the limitations period for general personal torts in the state in which the action was filed. *Wilson v. Garcia,* 471 U.S. 261, 278 (1985). Pursuant to Mass. Gen. Laws ch. 260, §2A, "actions of tort. . . shall be commenced only within three years next after the cause of action accrues." *See* Mass. Gen. Laws ch. 260, §2A.

    Although state law sets the statutory period, the accrual date of a §1983 cause of action is a question of federal law. *Wallace*, 594 U.S. at 388. Under federal law, it is "the standard rule that [accrual occurs] when the plaintiff has 'a complete and present cause of action.'" *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997). A complete and present cause of action occurs when "the plaintiff can file suit and obtain relief." *Id.* Whether the claim is classified in tort or as a civil rights action, Massachusetts law provides for a statutory period of three years after the accrual of the cause of action. Mass. Gen. Laws ch. 260, § 2A (Torts); G.L. c. 260, § 5B (Civil rights actions).

        *ii.*  *State Law Claims*

Mass. Gen. Laws chapter 260, §2A applies to the Plaintiff's common law tort claims. §2A provides that "actions of tort … to recover for personal injuries … shall be commenced only within three years next after the cause of action accrues." Mass. Gen. Laws ch. 260, §2A. Furthermore, any "[a]ctions arising on account of violations of any law intended for the

6

protection of civil rights. . . shall be commenced only within three years next after the cause of action accrues." Mass. Gen. Laws ch. 260, §5b.

Under Mass. Gen. Laws ch. 12, §11I, "any person whose exercise or enjoyment of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the commonwealth" may initiate a civil action for 'injunctive and other appropriate equitable relief." Mass. Gen. Laws ch. 12, §11I. Claims alleging deprivations of federal and state constitutional rights under chapter 12, §11I are controlled by a three-year statute of limitations. *King v. Sheriff of Franklin Cnty.*, 38 Mass. App. Ct. 925, 925 (1995) (affirming judgement that ch. 12 §11I claims were barred by three-year statute of limitations).

To determine the time of accrual, under Massachusetts law, the three-year limitations period begins "on the date of the allegedly wrongful acts, unless the wrong is "inherently unknowable." *Pagliuca v. Boston*, 35 Mass. App. Ct 820, 823 (1994) (*quoting Flynn v. Associated Press*, 401 Mass. 776, 781-82 (1998)).

In any respect, the Plaintiff's claims against the Defendants accrued on October 27, 2019, the morning of his arrest which is the latest date of any of the factual allegations in his Complaint. The latest date by which his claims must have been filed is October 27, 2022. Plaintiff did not file his Complaint until February 3, 2025, thus, all eighteen claims are time barred in their entirety.

**B. TO THE EXTENT ANY CLAIMS SURVIVE THE STATUTE OF LIMITATIONS DEFENSE, THE HECK RULE BARS ALL CLAIMS THAT ARE INCONSISTENT WITH THE PLAINTIFF'S PRETRIAL PROBATION**

The Plaintiff's acceptance of pretrial probation bars all of his claims under *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, to recover damages under §1983 for an unconstitutional conviction, imprisonment, or other harm that would imply the invalidity of a

conviction or sentence, a plaintiff must first show that the conviction or sentence has been overturned on direct appeal, nullified by executive order, ruled invalid by a state court with the authority to make that decision, or challenged successfully through a federal court's grant of a writ of habeas corpus. *Heck*, 512 U.S. at 487.  A claim for damages from a conviction or sentence that has not been invalidated by the court does not fall within the permissible scope of §1983.  *Id.*  Dispositions of criminal trials through the means of pretrial probation do not fall within the scope, as they are not considered favorable to the criminal defendant. *Jones v. City of Boston*, 135 Fed. App.x 439, 440 (1st Cir. 2005); *Cardoso v. City of Brockton*, 62 F. Supp. 3d 185, 186 (D. Mass. 2015) (holding pretrial probation does not amount to favorable termination); *Kennedy v. Town of Billerica*, 2014 U.S. Dist. LEXIS 138268, at *1 (D. Mass. Sep. 30, 2014).

To be terminated in a plaintiff's favor, the circumstances of the dismissal of criminal prosecution must compel an inference of a criminal defendant's (plaintiff's) innocence or that there was a lack of reasonable grounds to further pursue prosecution. *Jones v. City of Boston*, 135 Fed. Appx. 439, 440 (1st Cir. 2005) *(citing Wynne v. Rosen*, 391 Mass. 797, 801 (1984)).  A dismissal of charges after a period of pretrial probation suggests that dismissal was a compromise between both parties, neither conceding guilt or innocence. *Jones,* 135 Fed. Appx. at 440 (*citing Commonwealth v. Tim T.*, 437 Mass. 592, 596 (2002)).  Thus, the Plaintiff's claims must be dismissed because he failed to obtain a favorable disposition in the underlying criminal case.

i.  *Heck bars false arrest, false imprisonment, malicious prosecution, and abuse of process claims.*

Under *Heck*, the Plaintiff's pretrial probation dismissal unquestionably bars his false arrest, false imprisonment, malicious prosecution, and abuse of process claims under 42 U.SC. §1983.  The favorable termination requirement applies to actions to recover damages "for other

harm caused by the actions whose unlawfulness would render a conviction or sentence invalid."
*Heck*, 512 U.S. at 486-87.  The favorable-termination rule applies to the Plaintiff's claims because, to prevail on a §1983 claim, the Plaintiff must negate an element of the offense for which he was arrested, being the lawfulness of his arrest.  *Hick*, 241 F. Supp. 3d at 486 n.6; *see also Págan-González v. Moreno*, 919 F.3d 582, 601 (1st Cir. 2019) (defining malicious prosecution); *see also Gallagher v. South Shore Hospital, Inc.*, 101 Mass. App. Ct. 807, 831 (defining false imprisonment).  To challenge the lawfulness of his arrest in this case, the Plaintiff would have to attack the validity of the Plaintiff's pretrial probation dismissal.  *Heck*, 512 U.S. at 486-87.  The *Heck* bar prevents a plaintiff from doing so. Thus the Plaintiff will not unable to prove his false arrest, false imprisonment, malicious prosecution, and abuse of process under 42 U.S.C. §1983 as a matter of law.

    ii.  *Heck bars state-law tort claims*

  Additionally, while *Heck* specifically applies to civil rights claims under §1983, its reasoning is equally applicable to state-law claims.  *Cabot v. Lewis*, 241 F. Supp. 3d 239, 257 (D. Mass. Mar. 15, 2017 )(applying reasoning of *Heck* to state-law claims, under MCRA and common law for battery, assault, false imprisonment, false arrest, and intentional infliction of emotional distress).  The favorable-termination requirement was designed to prevent convictions from being challenged indirectly by means of a civil lawsuit.  *Heck*, 512 U.S. at 484.  *Heck's* reasoning is based on the "hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Id*. at 486.  Therefore, a plaintiff's state-law tort claims are also barred if success on those claims would call into question the validity of the outcome of the criminal case.  *Cabot*, 241 F. Supp. 3d at 257.  An assault and battery claim is barred by *Heck* to the extent that it is inconsistent with the underlying criminal

proceeding.  *Id*. at 258.  Here, the Plaintiff alleges Chappelle and Goslin "intended to cause harmful or offensive contact with [the Plaintiff]" but the allegations otherwise describe a police officer utilizing the force incident to arrest. (Pltf.'s Comp. pg 10, ¶90).  The Plaintiff alleges that Goslin grabbed his arm and that Goslin and Chappell placed handcuffs on him. (*Id.* at pg. 3-4, ¶¶ 19,21).  In this respect, Plaintiff's claims ostensibly rely upon challenging the underlying criminal assault and battery claim for which he did not obtain a favorable dismissal.  *See Cabot v. Lewis*, 241 F. Supp. 3d 239, 258 (D. Mass. 2017) (finding claims of excessive force barred by *Heck* Rule).  Because the allegations plainly show that the force used was that incident to arrest, the Plaintiff's assault and battery claim would have to show that there was no probable cause for his arrest which he cannot do.  For these reasons, the Plaintiff's assault and battery claim is also barred under *Heck*.

### iii.    Heck bars Intentional Infliction of Emotional Distress

To successfully prove a claim of intentional infliction of emotional distress (IIED), the Plaintiff must show the " (i) defendant[s] intended to inflict emotional distress or knew or reasonable should have known that emotional distress was likely to result from such conduct; (ii) the conduct was 'extreme and outrageous,' 'beyond all possible bounds of decency,' and 'utterly intolerable in a civilized community'; (iii) the defendant[s'] conduct proximately caused plaintiff's emotional distress; and (iv) the distress was so 'severe that no reasonable man could be expected to endure it.'" *Davignon v. Clemmey*, 322 F.3d 1, 8 n.3 (1st Cir. 2003) (*quoting Agis v. Howard Johnson Co.*, 371 Mass. 140, 144-45 (1976)).  The Plaintiff's IIED claim is barred by *Heck* to the extent it relies on the allegation that the defendants unlawfully arrested him.  *Cabot*, 241 F. Supp. 3d at 259.  As discussed above*, Heck* bars the Plaintiff from asserting  the Defendants arrested him without probable cause.  Furthermore, an IIED claim cannot stem from

an arrest that was supported by probable cause.  *Id*.  Nothing in the Plaintiff's complaint alleges otherwise any conduct by either officer that would get anywhere close to conduct that is 'extreme and outrageous' or 'beyond all possible bounds of decency' and 'utterly intolerable in a civilized community.'  Thus, the Plaintiff's IIED claim also fails.

C.  **TO THE EXTENT THAT ANY CLAIMS SURVIVE EITHER OF THE PRECEDING DEFENSES, GOSLIN AND CHAPPELL ARE ENTITLED TO QUALIFIED IMMUNITY**

The defense of qualified immunity should be considered before delving into the merits of each specific claim, as it constitutes a legal question for the Court to resolve. *Raiche v. Pietroski*, 623 F.3d 30, 35 (1st Cir. 2010) (applying qualified immunity analysis to claims under § 1983, the Massachusetts Civil Rights Act, and common law).  Because qualified immunity is a threshold legal issue, it is appropriately addressed at the outset of the case, prior to evaluating the substance of the claims. *Id.*; see also *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (emphasizing the need to resolve immunity issues as early as possible in the litigation process).

Qualified immunity shields law enforcement officers from civil suits arising from discretionary actions, provided their conduct did not breach a clearly established federal constitutional or statutory right. *Wilber v. Curtis*, 872 F.3d 15, 21 (1st Cir. 2017).  In assessing whether a right was "clearly established", courts must examine two key considerations: (a) whether the legal principles in question were well-defined at the time the alleged constitutional violation occurred, and (b) whether, under the specific circumstances of the case, a reasonable official would have recognized that their actions infringed upon the plaintiff's constitutional rights. *See Maldonado v. Fontanes*, 568 F.3d 263,269; *Anderson v. Creighton*, 483 U.S. 635, 640 (1987) ("The contours of the right must be sufficiently clear that a reasonable official would

understand that what he is doing violates that right. . . . [I]n light of pre-existing law, the unlawfulness must be apparent.").

In instances related to warrantless arrests, the First Circuit has made clear that a police officer cannot be held liable under §1983 if there was probable cause to arrest—even if that probable cause was debatable at the time. *Floyd v. Farrell*, 765 F.2d 1, 5 (1st Cir. 1985). Qualified immunity is only unavailable where it is evident that no probable cause existed at the time of the arrest. *Id.*; *see also Rivera v. Murphy*, 979 F.2d 259, 263 (1st Cir. 1992) (noting the standard is whether probable cause was "at least arguable"). In evaluating claims of immunity, the Supreme Court has acknowledged the challenges officers face when applying legal standards to specific factual scenarios, emphasizing that "reasonable mistakes can be made." *Saucier v. Katz*, 533 U.S. 194, 205 (2001). Thus, if probable cause is even established to a questionable degree, qualified immunity applies. *See Calabrese-Kelley v. Town of Braintree*, 2019 U.S. Dist. LEXIS 37329, *8 (D. Mass. 2019) *citing Floyd v. Farrell*, 765 F.2d 1, 5 (1st Cir. 1985)Here, the Plaintiff was arrested for failure to provide identification as an operator of a motor vehicle. (Pltf.'s Coml. Pg. 4, ¶ 25). Under Mass. Gen. Laws ch. 90, §25, refusal to obey a police officer by refusing to provide identification, while operating or in charge of a motor vehicle, is an arrestable offense. *See* Mass. Gen. Laws ch. 90, §21 ("Any officer…in uniform…may arrest without a warrant…any person, regardless of whether or not such person has in his possession a license to operate motor vehicle…if such a person… violates the provisions of [Mass. Gen. Laws ch. 90, §25]."); *see also* Mass. Gen. Laws ch. 90, §25. The Plaintiff asserts that Chappell and Goslin requested his identification and identifying information, refusing to provide either. (Pltf.'s Compl. Pg. 3, ¶14-15). By refusing to provide his identification, the Plaintiff's actions give rise to the level of probable cause. *See* Order on Motions to Dismiss at 7-8, *Katongole v. City of*

*Lowell* et al., No. 1:24-cv-12455-LTS (D. MA. Apr. 29, 2025).  Having probable cause for failure to provide identification makes any subsequent charge against the Plaintiff, stemming from the initial arrest, lawful.  *See Finamore v. Miglionico*, 15 F.4th 52, 59 (1st Cir. 2021) ("[A] finding of probable cause for just one of the two crimes would render the appellant's arrest lawful…"); *United States v. Bizier*, 111 F.3d 214, 218 (1st Cir. 1997).  Further, as it relates to the Defendants' qualified immunity to Plaintiff's excessive force claims, officers are authorized to use force incident to arrest.  *See Saucier v. Katz*, 533 U.S. 194, 204-05, 150 L. Ed. 2d 272, 121 S. Ct. 2151 (2001).  Indeed, this is all that is alleged in the Complaint to support the Plaintiff's excessive force claims.  Because Chappell and Goslin had probable cause for a warrantless arrest and because the force allegations are based on the amount of force typically incident to arrest, both officers are entitled to qualified immunity on Plaintiff's constitutional claims.

### D.  NOTWITHSTANDING THE PRECEDING ARGUMENTS, THE PLAINTIFF'S CLAIMS FAIL ON THE MERITS

*The Plaintiff's Claim of Violation of His Fourth Amendment Rights under 42 U.S.C. §1983 (Count I) Fails on the Merits,*

    i.  *The Investigatory Stop Did Not Violate The Plaintiff's Fourth Amendment rights*

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures…." U.S. CONST. AMEND. IV.  While the Fourth Amendment applies to stops and detentions short of arrest, the "constitutional guarantee is violated only if the detention is unreasonable." *Brennan v. Hendrigan*, 888 F.2d 189, 192 (1st Cir. 1989).  For brief investigatory stops to be constitutional under the Fourth Amendment, an officer must first have "a reasonable suspicion supported by articulable facts that criminal activity 'may be afoot.'" *See United States v. Tiru-Plaza*, 766 F.3d 111,115 (1st Cir. 2014) (*quoting United States v. Sokolow*, 490 U.S. 1, 7 (1989).  Furthermore,

the officer's basis for conducting an investigatory stop must be based on more than "an inchoate and unparticularized suspicion or hunch of criminal activity. *Terry v. Ohio*, 392 U.S, 1, 27 (1968).

Here, Weymouth Police dispatch received reports of two males going in and out of the 7-Eleven in the early hours of the morning and were now loitering the parking lot. (Pltf.'s Compl. Pg. 2, ¶ 9; Statement of Facts in support of Criminal Complaint pg. 1). Chappell's reason for initiating the stop on the Plaintiff was due to a concerned store clerk who was suspicious of criminal activity occurring in his place of business. Thus, Chappell's reason for stopping the Plaintiff was within the scope of the Fourth Amendment.

ii. *The Warrantless Arrest Did Not Violate The Plaintiff's Fourth Amendment Rights*

The Defendants' decision to arrest the Plaintiff without a warrant did not violate his Fourth Amendment rights. The discussion in the preceding sections above is incorporated herein fully by reference.

iii. *The Plaintiff's Rights Under Article XIV of the Massachusetts Declaration of Rights Were Not Violated (Count II)*

Under Article XIV of the Massachusetts Declaration of Rights, "[e]very subject has a right to be secure from all unreasonable searches, and seizures, of his person, his houses, his papers, and all his possessions. Mass. Const. art. XIV. An investigatory stop, or a "seizure," by police is justified under Article XIV if police have reasonable suspicion at the time of the stop to conduct it. *See Commonwealth v. Matta*, 483 Mass. 357, 360 (2019). This claim fails for the same reason as Plaintiff's Fourth Amendment claims.

14

> iv.  *The Plaintiff's First Amendment Rights Were Not Violated By Arresting Officers Under 42 U.S.C. §1983 (Count III)*

The First Amendment prohibits government officials, including police, from subjecting an individual to retaliation for engaging in protected speech. *Hartman v. Moore*, 547 U.S. 250, 256 (2006). When an official acts against an individual due to a prohibited retaliatory motive, and the legitimate, non-retaliatory reasons would not have independently justified the adverse action, the affected party may typically pursue a First Amendment retaliation claim. *Nieves v. Bartlett*, 587 U.S. 391, 398 (2019). To succeed on such a claim, a plaintiff must demonstrate a direct causal link between the defendant government official's retaliatory intent and the harm the plaintiff ultimately suffered. *Id.* Simply proving that an official harbored a retaliatory motive and that the plaintiff experienced harm is insufficient—the plaintiff must show that the retaliatory motive actually caused the injury. *Id.* at 399. The Complaint does not make any allegations of protected speech by the Plaintiff, nor does it make allegations regarding the officers' allegedly retaliatory animus. Further, when an arrest is supported by an objective legal basis, the officer is entitled to qualified immunity, even if the officer's personal motives were improper. *See Thompson v. Clark*, 596 U.S. 36, 52 (2022). Thus, the Plaintiff fails to show that his First Amendment rights were violated.

> v.  *The Plaintiff's Article XVI Rights Were Not Violated Under Mass. Gen. Laws ch. 12, §11I (Count IV)*

To establish a claim under the Massachusetts Civil Rights Act (MCRA), Mass Gen. Laws ch. 12, §§11H-11I, "a plaintiff must prove that (1) the exercise or enjoyment of constitutional or statutory right; (2) has been interfered with, or attempted to be interfered with; and (3) such interference was by threats, intimidation, or coercion." *See Currier v. National Bd. Of Med. Examiners*, 462 Mass. 1, 12 (2012). The Plaintiff asserts that Chappell and Goslin violated the

MCRA by violating his rights under Article XVI of the Massachusetts Declaration of Rights.

For the reasons discussed in the preceding sections, the Plaintiff's Complaint fails to make out a

violation of his constitutional or statutory rights.  Further, public officials are entitled to the same

qualified immunity under the Massachusetts Civil Rights Acts, G.L. c. 12, §11I, just as they

receive for alleged violations under 42 U.S.C. §1983.  *See Gallagher v. South Shore Hospital,*

*Inc.*, 101 Mass. App. Ct. 807, 828 (2022).  Therefore, Count IV fails.

> vi.    *The Plaintiff's Claims of False Arrest (Count VIII, Count IX, Count X), and*
> *False Imprisonment (Count V, VI, VII), Fail As Matters of Law*

The torts of false arrest and false imprisonment overlap; the former is considered

a subset of the latter.  *Finamore v. Miglionico*, 15 F.4th 52, 61 (1st Cir. 2021) (*citing*

*Wallace v. Kato*, 549 U.S. 384, 391 (2007).  As such, every false arrest includes false

imprisonment, although a person may be liable for false imprisonment without proof of

an arrest.  A police officer may be held liable for false imprisonment "'unless the…

officer had a legal justification for' for the restraint."  *Id*.  (*quoting Barbose v. Conlon*,

962 F. Supp. 2d 316, 334 (D. Mass. 2013).  A justification for such restraint exists if an

officer had probable cause to arrest a suspect.  *Id*.  "Whether an officer had probable

cause for an arrest is determined by viewing the totality of the circumstances from the

perspective of an objectively reasonable officer."  *Karamanoglu v. Town of Yarmouth*, 15

F.4th 82, 87 (1st Cir. 2021).

As discussed in greater detail above, Chappell and Goslin had the probable cause

necessary to lawfully arrest the Plaintiff under Mass Gen. Law ch. 90, §§21, 25.  Plaintiff's claim

of false arrest therefore fails as a matter of law, and consequently his claim of false

imprisonment fails as well.

vii.    *The Plaintiff's Malicious Prosecution Claims (Counts XI, XII, XIII) Fail As Matters of Law*

To successfully bring a malicious prosecution claim, under 42 U.S.C. § 1983, the MCRA Mass. Gen. Laws ch. 12, §11I, or Massachusetts common law, a plaintiff must show that the initiation of criminal proceedings was supported without probable cause. *Págan-González v. Moreno*, 919 F.3d 582, 601 (1st Cir. 2019) (describing elements of malicious prosecution under 42 U.S.C. §1983); *Gutierrez v. Massachusetts Bay Transp. Auth.*, 437 Mass. 396, 405 (2002) (describing elements of common law malicious prosecution brought under Mass Gen. Laws ch.12, §11I).

As discussed in greater detail above, Chappell and Goslin had the probable cause necessary to lawfully arrest the Plaintiff under Mass Gen. Law ch. 90, §§21, 25.  Plaintiff's claim of malicious prosecution therefore fails as a matter of law, as he cannot demonstrate that his arrest was made without probable cause.

viii.    *Malicious Prosecution Fails Because Criminal Proceedings Were Not Terminated In The Plaintiff's Favor*

A malicious prosecution claim, brought under 42 U.S.C. §1983, Mass. Gen. Laws ch.12, §11I, or Massachusetts common law, requires the Plaintiff to show that criminal proceedings were terminated in his favor. *See Págan-González*, 919 F.3d at 601; *Gutierrez*, 437 Mass. at 405.  For a criminal case to be deemed favorably resolved in a plaintiff's interest, the dismissal must show, or suggest, either the plaintiff's innocence or the absence of sufficient grounds to justify continued prosecution. *Jones v. City of Boston*, 135 Fed. Appx. 439, 440 (1st Cir. 2005). Resolutions of criminal cases through pretrial probation do not qualify as favorable outcomes for the defendant. *Id.*  When charges are dismissed following a term of pretrial probation, it

17

typically reflects a negotiated resolution between the parties, without any admission of guilt or acknowledgment of innocence by either side. *Id*.

In the case at bar, the Plaintiff's assault and battery charges were dismissed following a period of pretrial probation (Pltf.'s Compl. pg. 4, ¶ 26).  As stated in greater detail above, pretrial probation dismissal is not considered to terminate in a plaintiff's favor.  Thus, the Plaintiff fails to show that criminal proceedings terminated in his favor, thus barring malicious prosecution under 42 U.S.C. § 1983, Mass. Gen. Laws ch. 12, §11I, and common law.

> ix.  *The Plaintiff's Abuse of Process Claims (Counts XIV, XV, XVI) Fails As Matters of Law*

To successfully bring a claim of abuse of process, under 42 U.S.C. §1983, Mass. Gen. Laws ch.12, §11I, or Massachusetts common law, the Plaintiff must show that process was used for an ulterior motive or illegitimate purpose, resulting in damages.  *Santiago v. Fenton*, 891 F.2d 373, 388 (1st Cir. 1989); *Gutierrez v. Mass. Bay Transp. Auth.*, 437 Mass. 396, 405 (2002).  As discussed in greater detail above, Chappell and Goslin had the probable cause necessary to lawfully arrest the Plaintiff under Mass. Gen. Laws ch. 90, §§21, 25.  Because the arrest was supported by probable cause, the Defendants are entitled to qualified immunity, thus their subjective intentions for arresting the Plaintiff are irrelevant.  *Thompson v. Clark*, 596 U.S. 36, 52 (2022).  With the privilege of qualified immunity, the Plaintiff cannot recover damages for abuse of process under 42 U.S.C. §1983, Mass. Gen. Laws ch.12, §11I, and common law.

> x.  *The Plaintiff's Assault and Battery Claim (Count XVII) Fails As Matters of Law*

An assault and battery "is the intentional and unjustified use of force upon the person of another, however, slight, or the intentional doing of a wanton or grossly negligent act causing personal injury to another." *Commonwealth v. McCan*, 277 Mass. 199, 203 (1931).  However,

police officers are entitled to use force in carrying out their official duties to the extent such force was necessary and reasonable. *Commonwealth v. Asher*, 417 Mass. 580, 589 (2015). The Plaintiff admits to refusing to exit the vehicle and attempting to close the door after given a lawful order to exit by Officer Goslin. (Plntf.'s Compl. Pg. 3 ¶¶ 17, 18). Goslin grabs the Plaintiff's arm to prevent him from doing so. (*Id.* at ¶ 19). Goslin's conduct does not go beyond the scope of force that was "necessary and reasonable" in his official duties as a police officer. Thus, the Plaintiff cannot recover damages for assault and battery.

xi.  *The Plaintiffs Intentional or Reckless Infliction of Emotional Distress Claim (Count XVIII) Fails As Matters of Law*

To prevail in a case for liability under IIED, the plaintiff must show "that the conduct was 'extreme and outrageous,' was 'beyond all possible bounds of decency' and was 'utterly intolerable in a civilized community.' *Agis v. Howard Johnson Co.*, 371 Mass. 140, 143 (1976). As stated above in greater detail, the Plaintiff fails to show Chappell and Goslin's conduct was anywhere near the standard of "extreme and outrageous." *See Sena v. Commonwealth*, 417 Mass, 250, 263-64 (1994) (holding the conduct of making an arrest cannot be deemed extreme and outrageous). Thus, the Plaintiff fails to bring a claim of IIED against the Defendants.

<div style="margin-left:50%">

Respectfully submitted,
Defendants,
Officer Stephen Goslin and Justin Chappell,
By their attorney,

*/s/ Douglas I. Louison*
Douglas I. Louison (BBO# 545191)
Louison, Costello, Condon & Pfaff, LLP
Ten Post Office Square, Suite 1330
Boston, MA 02109
dlouison@lccplaw.com
(617) 439-0305

</div>

Date: June 4, 2025

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)

Pursuant to Local Rule 7.1(A)(2), counsel for the Defendants, Stephen Goslin and Justin Chappell, attempted in good faith to resolve or narrow the issues in this motion.

Date:  June 4, 2025              /s/ Douglas I. Louison
                                Doug I. Louison

## REQUEST FOR HEARING

Pursuant to Local Rule 7.1(D), the Defendants, Stephen Goslin and Justin Chappell, request a hearing on this motion.

Date:  June 4, 2025              /s/ Douglas I. Louison
                                Douglas I. Louison

## CERTIFICATE OF SERVICE

I, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

Date:  June 4, 2025              /s/ Douglas I. Louison
                                Douglas I. Louison